UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 21, 2020

LETTER TO COUNSEL

RE: *Victoria R. v. Commissioner, Social Security Administration*
Civil No. DLB-19-1752

Dear Counsel:

On June 17, 2019, Plaintiff Victoria R. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF No. 11 ("Pl.'s Mot."), ECF No. 12 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

After previous denials, Plaintiff filed this claim for benefits on September 12, 2016, alleging a disability onset date of April 30, 2016. Tr. 307-15. Her claim was denied initially and on reconsideration. Tr. 171-82, 183-94. A hearing was held on May 1, 2018, before an Administrative Law Judge ("ALJ"). Tr. 103-53. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 196-219. The Appeals Council denied Plaintiff's request for review, Tr. 1-9, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "major depressive disorder, recurrent, severe, with psychotic features; anxiety disorder; post-traumatic stress disorder ('PTSD'); spine disorder; obesity; drug abuse disorder; and alcohol use disorder." Tr. 202. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she is limited to simple, routine, repetitive tasks not at a production rate pace, with only occasional interaction with supervisors and co-workers. She can never interact with the general public.

*Victoria R. v. Commissioner, Social Security Administration*
Civil No. 19-1752-DLB
April 21, 2020
Page 2

Tr. 206. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a cleaner, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 212-13. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 214.

Plaintiff raises three primary arguments on appeal: (1) that the ALJ's step-five finding is not supported by substantial evidence because the ALJ's hypothetical to the VE was flawed; (2) that the ALJ improperly weighed the 2017 report from consultative examiner, Dr. Ansel; and (3) that the ALJ impermissibly included "impressions" from the 2013 ALJ's decision. Pl.'s Mot. 6-10. I agree that the ALJ's hypothetical was inadequate, and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's challenge to the ALJ's step-five analysis has four subparts: (1) that the RFC's limitation to "simple, routine repetitive tasks" precludes the reasoning level two jobs proffered by the VE; (2) that the ALJ's use of the undefined term "production rate pace" requires remand; (3) that the RFC does not address Plaintiff's moderate limitation in her ability to adapt and take care of herself; and (4) that the ALJ cannot rely on the VE's testimony as substantial evidence because the VE misstated the specific vocational preparation ("SVP") level for one of the three proffered jobs. Pl.'s Mot. 6-8.

I will first address Plaintiff's successful argument. I agree that the ALJ included an RFC limitation to tasks "not at a production rate pace" but did not explain what that term means. Tr. 206. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit explained that the ALJ's failure to define "production rate or demand pace" frustrated appellate review. *See also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ's hypothetical to the VE – and accompanying RFC – included a limitation to tasks "not at a production rate pace," Tr. 142, 206, without further definition or explanation. The term "production rate pace" is similar to the terms "production rate" and "demand pace" that the Fourth Circuit found frustrated appellate review in *Thomas*. Therefore, remand is warranted to allow the ALJ to explain what "production pace work" means in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review.

The Commissioner argues that remand is not warranted for many reasons: (1) even if the ALJ erred, any error was harmless and Plaintiff has not identified any resulting prejudice; (2) "it is reasonable to infer that both the VE and Plaintiff understood what was meant by 'production pace'" since Plaintiff did not object at the hearing and neither asked for further clarification; and (3) this Court has previously confirmed that the phrase "production rate pace" has a "common understanding." Def.'s Mot. 11. The Commissioner also asserts that the Dictionary of Occupational Titles ("DOT") "use[s] a similar phrase 'production rate pace' when discussing its physical effects on the exertion level of a job." *Id.* at 6 n.6. These arguments are not persuasive.

First, if the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *Thomas*, 916 F.3d at 312, the Court is unable to decide whether the error in failing to explain the terms was harmless. Second, even if "the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r, Soc. Sec. Admin*, Civil No. SAG-18-1812, WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)). Third, this Court did uphold a similar RFC provision in *Crocetti v. Commissioner, Social Security Administration*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018). However, that case was decided before *Thomas*. *See id.* at *5 ("No precedent, binding or otherwise, requires an additional definition to be presented in order for a hypothetical containing the phrase 'production rate pace' to be understandable to a VE."). Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production rate pace." Lastly, although the phrase "production rate pace" is used in an appendix to the DOT, a definition is not provided. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App'x C (4th ed. 1991), 1991 WL 688702. Therefore, remand is warranted to allow the ALJ to explain the RFC assessment and clarify the hypothetical to the VE. Without a clarification or explanation, the Court is unable to conduct a substantial evidence review.

Plaintiff's remaining step-five arguments are less persuasive. First, Plaintiff's assertion that there is an apparent conflict between the ability to perform "simple, routine, repetitive tasks" and the DOT's reasoning level of two, Pl.'s Mot. 6-7, is erroneous. Plaintiff is correct that an ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the DOT. *See Pearson v. Colvin*, 810 F.3d 204, 208-10 (4th Cir. 2015); SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A Dec. 4, 2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."). Here, the VE identified three jobs in response to the ALJ's hypothetical: routing clerk (DOT code 222.687-022), router (DOT code 222.587-034), and marker (DOT code 209.587-034). Tr. 145, 213. The ALJ asked whether the VE's testimony was consistent with the DOT and the VE affirmed. Tr. 148-49 (VE clarifying that her testimony regarding absenteeism, time off task, and production rate was based on her professional experience because the DOT does not address those factors). According to the DOT, all three jobs require a Reasoning Level of 2. U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 222.587-034 (router and marker), 222.687-022 (4th ed. 1991). A Reasoning Level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* DOT, App'x C, 1991 WL 688702.

There are two recent Fourth Circuit cases that discuss this issue. In *Thomas*, 916 F.3d at 313-14, the Fourth Circuit found that an apparent conflict exists between a limitation to "short, simple instructions" and a Reasoning Level of 2. In a more recent opinion, *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019), the Court held that there is not an apparent conflict between "simple, routine repetitive tasks of unskilled work" and a Reasoning Level of 2. In *Lawrence*, the Fourth Circuit explained that, in *Thomas*, the RFC included a limitation to "short" instructions, and "'[s]hort' is inconsistent with 'detailed.'" *Id.* (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)) ("To assess whether an apparent conflict exists, [the court] compare[s] the DOT's 'express language' with

the [VE]'s testimony."). The Court clarified that the limitation to "simple" tasks [was] not inconsistent with the ability to apply and understand "detailed but uninvolved . . . instructions." *Id.*

The facts in this case are similar to those in *Lawrence*. Here, the ALJ found that Plaintiff was limited to "simple, routine, repetitive tasks," which does not conflict with the Reasoning Level 2 requirement to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Plaintiff attempts to differentiate her case from *Lawrence* by arguing that she should have been limited to "short tasks." Pl.'s Mot. 6. For support, she cites to the reports of the State agency non-examining psychologists. *Id.* Both State agency psychologists opined that Plaintiff was "[n]ot significantly limited" in her "ability to understand and remember very short and simple instructions" and was "moderately limited" in her ability to understand and remember detailed instructions. Tr. 179, 191. These opinions do not contradict the ALJ's finding that Plaintiff could perform "simple, routine, repetitive tasks" without further limiting her to "short tasks." Contrary to Plaintiff's assertion that the ALJ "did not address these medical opinions," Pl.'s Mot. 6, the ALJ gave both State agency psychologists "great weight," Tr. 211. As *Lawrence* makes clear, there was not an apparent conflict between Plaintiff's limitation to "simple, routine, and repetitive tasks" and the Reasoning Level 2 jobs identified by the VE.

Plaintiff also argues that the ALJ erred by failing to include an RFC limitation to accommodate her moderate limitation in her ability to adapt or take care of herself. Pl.'s Mot. 7. For support, she cites to *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). *Id.* at 8. *Mascio* instructs that, when an ALJ finds that a claimant has a moderate limitation in the ability to concentrate, persist, or maintain pace, she must include an RFC limitation to accommodate that limitation or provide an explanation why no such limitation is required. *Mascio* does not address limitations in the ability to adapt or take care of oneself. Plaintiff presents no other legal argument to show that the ALJ erred here. Plaintiff also does not identify limitations that the ALJ should have included in her RFC because of her moderate limitation in this functional area.

Plaintiff's last step-five argument fails because of harmless error. Plaintiff argues that the VE's testimony cannot be relied on as substantial evidence because the SVP level for one of the jobs was misstated. Pl.'s Mot. 8. The DOT assigns an SVP time to each job listed. An "SVP 1" indicates that a "[s]hort demonstration only" is needed to learn the job, and an "SVP 2" indicates that "[a]nything beyond short demonstration up to and including 1 month" is needed to learn the job. An "SVP 1" or "SVP 2" would be consistent with "unskilled work" under the Commissioner's regulations. *See* 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time . . . and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed."). The router position has an SVP of 3. DOT § 222.587-034. However, even if the ALJ failed to resolve an apparent conflict regarding the SVP level of the router position, the error was harmless because the other identified occupations of routing clerk (with 40,661 jobs nationally) and marker (with 140,000 jobs nationally), Tr. 145, 213, exist in significant numbers. *See* 42 U.S.C. § 423(d)(2)(A) (explaining that a claimant is not disabled if she is able to engage in "work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country"); 20 C.F.R. § 416.966(b) (same); *see also Lawler v. Astrue*, Civil Action No. BPG-09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that where only 75-100 jobs existed in the region where plaintiff lived did "not

undermine the ALJ's conclusion that plaintiff [was] capable of performing work that exists in significant numbers in the national economy.") (citing *Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number)).

Next, Plaintiff argues that the ALJ did not properly consider Dr. Ansel's 2017 examination and opinion, Pl.'s Mot. 8 (stating that "[t]he ALJ create[d] a medical opinion when none exist[ed]"), and implies that the ALJ gave Dr. Ansel's 2017 examination and opinion little weight because "they were procured by counsel," *id.* at 9. In response, the Commissioner argues that Plaintiff is "ask[ing] this Court to reweigh the evidence." Def.'s Mot. 17. I agree with the Commissioner. The ALJ summarized Dr. Ansel's 2017 examination and gave a thorough explanation for her finding that it was internally inconsistent and inconsistent with the record, including an examination by Dr. Ansel less than a year prior. Tr. 210. The ALJ noted that, in 2017, Dr. Ansel "assessed [Plaintiff] as intellectually disabled and speculated that she may have always functioned at that level, given her limited education and poor employment history." *Id.* (citing Tr. 492-95). The ALJ also noted that, in 2016, Dr. Ansel "assessed [Plaintiff] as of possibly average intelligence" and her results on the mini-mental exam were "'indicative of no cognitive impairment.'" *Id.* (quoting Tr. 405). The ALJ cited to mental health examinations that "repeatedly noted [ ] an excellent fund of knowledge, with intact cognition and good insight and judgment." Tr. 210 (citing Tr. 445, 451, 500-01, 586-87). Additionally, the ALJ noted that Plaintiff's therapist "directed her to identify and apply for employment at least once monthly," and that Plaintiff "told Dr. Ansel [in 2017] that she was in special education classes," but testified at the hearing that she "never received any special education services in school." Tr. 210. In sum, there was substantial evidence for the ALJ's finding that Dr. Ansel's 2017 opinion was "internally inconsistent, as well as [ ] inconsistent with the record as a whole." Tr. 212.

Plaintiff's claim that the ALJ gave Dr. Ansel's 2017 opinion little weight because it was procured by counsel has no merit. Plaintiff argues that "[c]ounsel should be permitted to provide a more thorough supportable report," Pl.'s Mot. 9, but has not shown that she was not permitted to provide such a report. Indeed, the record includes the report, Tr. 492-98, and the ALJ considered the report, Tr. 209-10, 212. Plaintiff states that "[t]he agency's position seems to be that Dr. Ansel's 2017 report and opinion are somehow tainted because they were procured by counsel," Pl.'s Mot. 9, but does not offer support for this assertion. The ALJ's note that "the claimant was referred by her representative," Tr. 209, is a mere statement of fact and does not show that the ALJ considered the report to be "tainted" as a result. As discussed, there was substantial evidence for the ALJ's finding that Dr. Ansel's 2017 opinion was inconsistent with the record and he appropriately assigned it little weight.

Lastly, Plaintiff argues that the ALJ impermissibly "report[ed] the impressions of the previous ALJ." Pl.'s Mot. 9-10. She asserts that the reports and testimony referred to by the 2013 ALJ were not included in the current record and therefore, they cannot be "independently verified," and that the SSA "cannot utilize unproffered evidence to deny [Plaintiff's] current claim." *Id.* Plaintiff's argument is without merit. The ALJ cited to the 2013 ALJ's decision in her discussion of Dr. Ansel's 2017 examination in which Plaintiff's full-scale IQ was assessed to be 61 and Dr. Ansel opined that she was "intellectually disabled" and "may have always functioned at that level." Tr. 210. The ALJ noted:

*Victoria R. v. Commissioner, Social Security Administration*
Civil No. 19-1752-DLB
April 21, 2020
Page 6

> However, Judge Young [in 2013] noted extensive activities of daily living, including cleaning, cooking, washing dishes, sweeping, cleaning the bathroom, attending NA/AA meetings, and riding the bus. She demonstrated average fund of knowledge at two consultative evaluations and scored 29/30 on the mini-mental status evaluation. At one consultative State agency psychiatric evaluation, she was noted to be able to name the last two U.S. Presidents. At another consultative State agency psychiatric evaluation, she was able to spell the word "WORLD" forwards and backwards.

Tr. 210 (internal citations removed). As discussed, the ALJ cited to many pieces of evidence, in addition to the 2013 ALJ's decision, to demonstrate that Dr. Ansel's December 2017 examination was internally inconsistent and inconsistent with the record. Tr. 210. Therefore, the ALJ did not rely on "unproffered evidence" in finding that Plaintiff was not disabled.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 12, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge